IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-2808

BODYGUARD PRODUCTIONS, INC.,
a Nevada corporation

       Plaintiff,

vs.

JOHN DOE 1, et.al.,

       Defendants.

---

## DECLARATION OF DANIEL ARHEIDT

1. My name is Daniel Arheidt. I am over 18 years old and am otherwise competent to make this declaration. This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

2. I have been retained as a consultant, working in the technical department of Maverickeye UG, a company incorporated in Stuttgart and organized and existing under the laws of Germany. Maverickeye is in the business of providing forensic investigation services to copyright owners. As a part of my regular duties I oversee the database and records maintained by Maverickeye.

3. Maverickeye monitors peer-to-peer/BitTorrent networks for acts of distribution of Bodyguard Productions, Inc.'s motion picture *The Hitman's Bodyguard* through the use of proprietary MaverikMonitor™ software.

4. When MaverikMonitor finds an IP address distributing *The Hitman's Bodyguard*, a direct connection is made to that computer and a portion of the infringing file is downloaded. MaverikMonitor also records the exact time of the connection and other available information broadcast by the infringing computer.

5. This evidence is then saved on a secure server and indexed in evidence logs.

6. To confirm the infringing activity, the data downloaded from each defendant is matched to the complete file and a full copy of the motion picture being distributed is compared with a DVD of the original motion picture, confirming that the infringing IP address is in fact distributing Bodyguard Productions, Inc.'s motion picture.

7. The software uses a geolocation functionality to determine the location of each infringing IP address under investigation. The geolocation data for the infringing IP address is also set forth in Exhibit 1.

8. The software reviews and uses other publicly available and searchable data to identify the Internet Service Provider responsible for each infringing IP address and such data is also set forth in Exhibit 1.

9. I have reviewed the MaverikMonitor evidence logs, and can confirm the records of infringing activity in Exhibit 1, including IP address, time, and hash value, accurately reflect instances of actual observed distribution of Bodyguard Productions, Inc.'s motion picture.

10. Publicly available databases do not permit Maverickeye to identify a specific subscriber as such records are maintained by the ISP.

**Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed this 17 day of November, 2017.

By: _____
Daniel Arheidt

2