IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02808-WYD-MEH

BODYGUARD PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOES 1–25,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on December 20, 2017**.

    The Motion to Quash/Vacate Subpoena filed by a John Doe Defendant [filed December 19, 2017; ECF No. 13] is **denied without prejudice** for the following reasons.

    First, from the content of the motion, the Court infers that John Doe seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").

    Therefore, if John Doe wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before January 15, 2018** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a). With such filing, John Doe, who has already provided his name and address, must also provide to the Court his telephone number and email address in the form of a *separate* written "Supplement" to the motion.[1] If John Doe wishes to keep this Supplement (containing his identifying information) confidential, he may file a motion to restrict the Supplement from access by the Plaintiff and the public pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

[1] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

Further, John Doe fails to provide any justification or legal support for his request to quash the subpoena.  *See* Fed. R. Civ. P. 45; D.C. Colo. LCivR 7.1(d).

Finally, the Court notes that John Doe failed to file with his motion a copy of the challenged subpoena.  Therefore, if John Doe chooses to re-file his motion to quash, he is instructed to file a copy of the challenged subpoena with the motion.

The Clerk of the Court is directed to send a copy of this order to the name and address listed in ECF No. 13, and to keep the document at ECF No. 13 under Restriction Level Two until further order of the Court.